IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID NEWBROUGH, | * | CASE NO. 13-4114-MWB |
| Plaintiff, | * | |
| v. | * | COMPLAINT AND JURY DEMAND |
| BISHOP HEELAN CATHOLIC SCHOOLS, THE DIOCESE OF SIOUX CITY, RALPH NICKLESS AND DAN RYAN, | * | |
| Defendants. | * | |

COMES NOW the Plaintiff David Newbrough and hereby sets forth the following causes of action against the Defendants, The Diocese of Sioux City, Bishop Heelan Catholic Schools, Bishop Ralph Nickless a/k/a R. Walker Nickless and Superintendent Dan Ryan.

## JURISDICTIONAL ALLEGATIONS

1. This action is based upon the provisions of 42 U.S.C. Section 2000e, et seq., commonly referred to as the Civil Rights Act of 1964 and all amendments thereto. Subject matter jurisdiction is conferred upon the Court by 42 U.S.C. Section 2000e-5(f). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

2. The venue is proper pursuant to 42 U.S.C. 2000e-5(f) because it is brought in the judicial district of the State in which the unlawful employment practice was committed and is the judicial district where Plaintiff's employment records were maintained. Venue is also proper pursuant to 28 U.S.C. Section 1391(b) because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff David Newbrough (hereinafter referred to as Newbrough) is and was at all times material hereto a citizen of the United States, a resident of Woodbury County, Iowa and over twenty-one (21) years of age. Newbrough was an employee at all times materially hereto of Defendants Heelan and The Diocese.

4. The Diocese of Sioux City (hereinafter referred to as The Diocese) is a religious organization incorporated under the laws of the State of Iowa and operating out of Sioux City, Iowa.

5. Bishop Heelan Catholic Schools (hereinafter referred to as Heelan) is a religious organization incorporated under the laws of the State of Iowa and operating out of Sioux City, Iowa.

6. Bishop Ralph Nickless (hereinafter referred to as Bishop) is and was at all times material hereto the Bishop in charge of and the ultimate decision maker for The Diocese.

7. Superintendent Dan Ryan (hereinafter referred to as Ryan) is and was at all times material hereto the acting Superintendent of the Catholic Schools and Newbrough's immediate supervisor. Ryan was instrumental in the termination process and the violations of Newbrough's rights as an American citizen as well as an Iowan.

## CONDITIONS PRECEDENT

8. Newbrough has timely filed a Complaint of Discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission. On September 11, 2013, the Iowa Civil Rights Commission issued Newbrough a Letter of Right to Sue (Exhibit A attached hereto and incorporated by this reference as if fully set forth herein).

9. On October 21, 2013, the Equal Employment Opportunity Commission issued Newbrough a Notice of Right to Sue (Exhibit B attached hereto and incorporated by this reference as if fully set forth herein).

10. This Complaint is filed with the Court within ninety (90) days of receipt of the Notice of the Right to Sue letters referenced above.

11. Pursuant to Local Rule 1.1(h) personal data identifiers in the attached A and B have been partially redacted.

## GENERAL ALLEGATIONS

12. At all times material hereto, Heelan and The Diocese met the definition of "Employer" as set forth in 42 U.S.C. Section 2000e0-5(b).

13. At all times material hereto Newbrough was an "Employee" of Heelan and The Diocese within the definitions set forth in the above statutes above.

14. At all times material hereto, Bishop and Ryan had supervisory authority over Newbrough. They acted in concert as the final decision makers of Heelan and The Diocese to violate Newbrough's basic human rights (both on a state and federal level).

15. Newbrough was hired in August of 2003. During the hiring process of Newbrough, Father Walsh told Bishop Dinardo that he was looking to hire a business manager at the catholic schools and the person he was looking to hire was not Catholic. Bishop Dinardo asked Father Walsh if he felt that person would be able to do the job and he answered yes. Bishop Dinardo approved the hiring of Newbrough.

16. In January 2004, Bishop Dinardo is named by Pope John Paul II to Coadjutor Bishop of Galveston-Houston and left Sioux City shortly thereafter.

17. In November of 2005, Pope Benedict XVI appoints Ralph Nickless to be the Bishop The Diocese.

18. In January of 2012, Father Walsh was fired by Bishop and Ryan. It was conveyed to the public by the Bishop, that Father Walsh was retiring.

19. In February of 2012, Newbrough prepared a tribute to Father Walsh and it was read in front of all employees, some board members and other guests at the annual employee recognition luncheon. Newbrough received a standing ovation for the tribute. Newbrough had to stay with the story that Father Walsh was retiring. Bishop did not appreciate the tribute as it reflected some truths about Father Walsh and that he would be missed by co-workers.

20. In mid-February of 2012, Mr. Timm Funk, school board member and treasurer to the board and Mr. Pat Sealey, school board president met in a closed door session with Father Walsh to discuss Newbrough's position. Mr. Funk had obtained an employee salary listing from Newbrough. The business office had not previously been asked by the school board or the finance committee for an employee salary listing. Personnel and payroll was always deemed by the board to be the responsibility of the President. Mr. Funk asked Father Walsh if Newbrough was worth the salary he was being paid. Father Walsh said that Newbrough was absolutely worth it. The plan to fire Newbrough had already been put into place at that time. Bishop, Mr. Funk, Mr. Sealey and Ryan were working in concert to terminate Newbrough.

21. In January of 2013, Ryan informed Newbrough that the Chief Financial Officer position is being eliminated. However, the work performed by the CFO is a critical part of the on-going operation of Defendants. Newbrough was informed that the school system could not afford a Chief Financial Officer and the position was being down-graded to a Controller position. Newbrough's termination would allow for Defendants to hire a younger Catholic employee at a

lower salary. Several days later, Ryan wrote a note on the whiteboard in the Heelan conference room that all staff for 2013-14 must be Catechist certified. That message requires all employees to be Catholic and to be Catechist certified; which Newbrough was not.

22. Prior to termination, Newbrough volunteered at Heelan varsity boys basketball games for six years as an official score keeper. Once Newbrough filed a claim with the Iowa Civil Rights Commission and the EEOC he was terminated from that position as well on November 13, 2013. The second termination was in retaliation for making the civil rights filings.

23. Newbrough as a loyal hard working employee, was replaced with a younger woman for less money.

24. At the time of Newbrough's termination he was age 50 and in a protected class of employees/citizens.

25. The Diocese and Heelan are interrelated in the terms of operation, common management, supervision of staff/pupils and common financial control.

## BACKGROUND OF RELIGIOUS DISCRIMINATION

## RELIGIOUS, AGE AND RETALIATION

26. Newbrough repeats and realleges paragraphs 1 – 25 set forth above as if fully set forth herein.

27. Heelan and The Diocese (authorized by Bishop and implemented by Ryan) subjected Newbrough to termination from employment by Defendants based upon age and religious discrimination. The discrimination of Newbrough is set forth factually above.

Page 5 of 12
RSR/mjj
S:\DISCRIMIN... Case 5:13-cv-04114-MWB   Document 2   Filed 12/05/13   Page 5 of 14

28. Heelan and The Diocese's conduct was a pattern and practice unwarranted and unwelcome and pervasive religious discrimination and subjecting Newbrough to termination of employment based upon an illegal purpose or motive.

## COUNT I

## RELIGIOUS DISCRIMINATION - FEDERAL

29. Newbrough repeats and realleges paragraphs 1 – 28 set forth above as if fully set forth herein.

30. Instead of taking appropriate action to end the religious discrimination which became pervasive at Heelan and The Diocese. Bishop endorsed it when he authorized Ryan to fire Newbrough because he was not Catholic. Bishop and Ryan had a role in this decision making process to make an adverse employment decision.

31. The net result of Heelan and The Diocese's actions constitutes a denial of full-time employment, loss of benefits including health insurance benefits, sick/vacation/person leave benefits, life insurance options and retirement options. Defendants acted with malice and a conscious disregard for the rights of Newbrough knowing their efforts would cause substantial harm.

32. Newbrough prays the Court enter judgment against each Defendant declaring their conduct engaged in and by each of them to be in violation of Newbrough's civil and statutory rights and award damages jointly and severally as follows:

   a. Newbrough be awarded damages to compensate, reimburse and make whole for all past and present benefits Newbrough should have received had it not been for Heelan and The Diocese's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b. Newbrough be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c. Newbrough be awarded injunctive relief including preventing Heelan and The Diocese from future unlawful practices, or from contacting any present or future employer of Newbrough in any regard;

d. Newbrough be awarded the costs and expenses of this action and award reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(l);

e. Newbrough be awarded interest as provided by law;

f. Such other and further relief as the Court may deem proper including an award of punitive damages.

WHEREFORE, Newbrough prays for judgment against Defendants jointly and severally for the relief requested in paragraph 32 above and for such other and further relief awarded by the court including attorney's fees and expenses.

## COUNT II

## UNFAIR EMPLOYMENT PRACTICES (RELIGION)- STATE OF IOWA

33. Newbrough repeats and realleges paragraphs 1-32 set forth above as if fully set forth herein.

34. Newbrough prays the Court enter judgment against each Defendant declaring their conduct engaged in and by each of them to be in violation of Newbrough's civil and statutory rights and award damages jointly and severally as follows:

a. Newbrough be awarded damages to compensate, reimburse and make whole for all past and present benefits Newbrough should have received had it not been for Heelan and The Diocese's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b. Newbrough be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c. Newbrough be awarded injunctive relief including preventing Heelan and The Diocese from future unlawful practices, or from contacting any present or future employer of Newbrough in any regard;

   d. Newbrough be awarded the costs and expenses of this action and award reasonable attorney's fees as provided in Iowa Code Chapter 216;

   e. Newbrough be awarded interest as provided by law;

   f. Such other and further relief as the Court may deem proper including an award of punitive damages.

WHEREFORE, Newbrough prays for judgment against Defendants jointly and severally for the relief requested in paragraph 33 above and for such other and further relief awarded by the court including attorney's fees and expenses.

## COUNT III

## AGE DISCRIMINATION – FEDERAL

34. Newbrough repeats and realleges paragraphs 1 – 33 set forth above as if fully set forth herein.

35. Newbrough prays the Court enter judgment against each Defendant declaring their conduct engaged in and by each of them to be in violation of Newbrough's civil and statutory rights and award damages jointly and severally as follows:

   a. Newbrough be awarded damages to compensate, reimburse and make whole for all past and present benefits Newbrough should have received had it not been for Heelan and The Diocese's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

   b. Newbrough be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c. Newbrough be awarded injunctive relief including preventing Heelan and The Diocese from future unlawful practices, or from contacting any present or future employer of Newbrough in any regard;

d. Newbrough be awarded the costs and expenses of this action and award reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(l);

e. Newbrough be awarded interest as provided by law;

f. Such other and further relief as the Court may deem proper including an award of punitive damages.

WHEREFORE, Newbrough prays for judgment against Defendants jointly and severally for the relief requested in paragraph 35 above and for such other and further relief awarded by the court including attorney's fees and expenses.

## COUNT IV

## UNFAIR EMPLOYMENT PRACTICE (AGE) – STATE OF IOWA

36. Newbrough repeats and realleges paragraphs 1 – 35 set forth above as if fully set forth herein.

37. Instead of taking appropriate action to end the religious discrimination which became pervasive at Heelan and The Diocese, Bishop allowed it to continue.

38. The net result of Heelan and The Diocese's actions constitute a denial of full-time employment, loss of benefits including health insurance benefits, sick/vacation/person leave benefits, life insurance options and retirement options.

39. Newbrough prays the Court enter judgment against each Defendant declaring their conduct engaged in and by each of them to be in violation of Newbrough's civil and statutory rights and award damages jointly and severally as follows:

a. Newbrough be awarded damages to compensate, reimburse and make whole for all past and present benefits Newbrough should have received had it not been for Heelan and The Diocese's illegal conduct including but

not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b.  Newbrough be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c.  Newbrough be awarded injunctive relief including preventing Heelan and The Diocese from future unlawful practices, or from contacting any present or future employer of Newbrough in any regard;

d.  Newbrough be awarded the costs and expenses of this action and award reasonable attorney's fees as provided in Iowa Code Chapter 216;

e.  Newbrough be awarded interest as provided by law;

f.  Such other and further relief as the Court may deem proper including an award of punitive damages.

WHEREFORE, Newbrough prays for judgment against Defendants jointly and severally for the relief requested in paragraph 39 above and for such other and further relief awarded by the court including attorney's fees and expenses.

## COUNT V

## RETALIATION – FEDERAL

40.  Newbrough repeats and realleges paragraphs 1 – 39 set forth above as if fully set forth herein.

41.  The decision to terminate Newbrough from his volunteer position as score keeper was a result of the prior filings made by Newbrough with the Iowa Civil Rights Commission and the EEOC. No rational basis exists for embarrassing Newbrough by terminating him from a volunteer position of six years other than it confirms the on-going discrimination that the Defendants have against Newbrough and other non-Catholics. It is a further effort to silence Newbrough and to show Newbrough who holds the power position regardless of civil rights. Newbrough is entitled to punitive damages.

42. Newbrough prays the Court enter judgment against each Defendant declaring their conduct engaged in and by each of them to be in violation of Newbrough's civil and statutory rights and award damages jointly and severally as follows:

    a. Newbrough be awarded damages to compensate, reimburse and make whole for all past and present benefits Newbrough should have received had it not been for Heelan and The Diocese's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

    b. Newbrough be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

    c. Newbrough be awarded injunctive relief including preventing Heelan and The Diocese from future unlawful practices, or from contacting any present or future employer of Newbrough in any regard;

    d. Newbrough be awarded the costs and expenses of this action and award reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(l);

    e. Newbrough be awarded interest as provided by law;

    f. Such other and further relief as the Court may deem proper including an award of punitive damages.

WHEREFORE, Newbrough prays for judgment against Defendants jointly and severally for the relief requested in paragraph 42 above and for such other and further relief awarded by the court including attorney's fees and expenses.

## JURY DEMAND

COMES NOW Newbrough and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure demands a trial by jury on all issues alleged in this Complaint.

Respectively submitted this 5th day of December, 2013.

RHINEHART LAW, P.C.

BY /s/ R. Scott Rhinehart
R. Scott Rhinehart, #AT0006666
505 5th St., Ste. 310
Sioux City, IA 51101
(712) 258-8706
(712) 233-3417 (fax)
courts@rhinehartlaw.com
ATTORNEYS FOR PLAINTIFF

Administrative Release
(Letter of Right-To-Sue)

| To:<br><br>MR. DAVID NEWBROUGH<br>4722 PERRY WAY<br>SIOUX CITY, IA 51104 | ) From:<br>)<br>) Iowa Civil Rights Commission<br>) Grimes State Office Building<br>) 400 E. 14th Street<br>) Des Moines, Iowa 50319 |
|---|---|
| Complaint CP# 05-13-64246   EEOC# 26A-2013-00738C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in state district court. That action must be commenced within ninety (90) days of the issue date **9/11/2013**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Marcia Coverdale at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
R. SCOTT RHINEHART, Complainant's Attorney
MAUREEN B. HEFFERNAN, Respondent's Attorney
BISHOP HEELAN CATHOLIC SCHOOLS
CATHOLIC DIOCESE OF SIOUX CITY
RALPH NICKLESS, BISHOP
DAN RYAN, SUPERINTENDENT

ICRC/S36 (24)

**PLAINTIFF'S EXHIBIT A**

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: David J. Newbrough<br>4722 Perry Way<br>Sioux City, IA 51104 | From: Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 800<br>Milwaukee, WI 53203 |
|---|---|

RECEIVED 10-24-13

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative<br>Ora M. Holland,<br>State & Local Coordinator | Telephone No.<br>(312) 869-8078 |
|---|---|---|
| 26A-2013-00738 | | |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

OCT 21 2013
(Date Mailed)

John P. Rowe,
Director

Enclosures(s)

cc:    BISHOP HEELAN CATHOLIC SCHOOLS      RHINEHART LAW PC
Attn: Human Resource Manager      Attn: Scott Rhinehart
1018 Grandview Blvd      505 5TH STREET, Suite 310
Sioux City, IA 51103      Sioux City, IA 51101

**PLAINTIFF'S EXHIBIT**